GENOVA & MALIN
Attorneys For The Debtor(s)
Hampton Business Center
1136 Route 9
Wappingers Falls, NY  12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------X
IN RE

ROBERT M. MARQUEZ and        **CASE NO.:09-38700(CGM)**
ZORAIDA Y. MARQUEZ,
   Debtor(s).   AMENDED
          **CHAPTER 13 PLAN**

SSN xxx-xx-5496     SSN xxx-xx-2904
---------------------------------------------------------X

Plan Definitions: If this is a joint case, use of the term "Debtor" shall also mean Debtors.  The term "Trustee" shall always refer to Jeffrey L. Sapir, the Chapter 13 Standing trustee for this Court or his substitute.  The term "bankruptcy Rule" shall refer to Federal Rules of Bankruptcy Procedure.  The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York.  The term "Petition" refers to Debtor(s) Bankruptcy petition filed on December 30, 2009.

[X ] This is an Amended or Modified Plan.  The reasons for filing this Amended or Modified Plan are:     Change in Plan Payment and Dates                                          .

In all respects, this Plan shall comply with the provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

**Section A**  The future earnings of the Debtor are submitted to the supervision and
Plan Payments and control fo the Trustee.  Debtor will make the first Plan payment no later
Payment Duration than thirty (30) days after the date of this Petition was filed.  The debtor shall make SIXTY [60] monthly payments to the trustee as follows:

  $1,425.00 each month, from January 30, 2010 through February28, 2011.

  $300.00 each month from March 30, 2011 through December 30, 2015.

  $_____ each month, from _____, 200__ through _____, 200__.

  [ ] Lump-sum payment(s) in the following amount(s):
  $_____ On _____, 200__; or if applicable (see Section 13 below,), tax refunds as follows: _____% or amount not to exceed $_____.

Pursuant to 11 U.S.C. §329(b)(4), the applicable commitment period is SIXTY [60] months.

| | |
|---|---|
| Payment Terms | The Debtor will pay the amounts listed above to the Trustee by bank check, certified check, teller's check or money order sent to the following address: |

        Jeffrey L. Sapir, Esq., Chapter 13 Trustee
        399 Knollwood Road, Suite 102
        White Plains, NY 10603

**OPTIONAL:** debtor may pay his or her Plan payments to the trustee by way of an employer pay order, pursuant to 11 U.S.C. §1325©. If debtor selects this option, please check here: [ ]

Upon selecting this option, debtor hereby consents to the **immediate** entry of an order directing Debtor's employer to deduct from the Debtor's wages the amount specified in this section and transmit the amount directly to the Trustee on Debtor's behalf. Debtor also agrees to notify the Trustee immediately upon change of employment. A proposed order outlining the Debtor's intentions shall be submitted to the Court for consideration upon filing of this Plan.

[ ]Non-Debtor Contributions. Identify the source and monthly amount to be contributed to the Plan from any person or entity other than the Debtor (a "non-Debtor Contributor"):

N/A

Prior to the confirmation of this Plan, each Non-Debtor Contributor must either (1) file an affidavit with the Court confirming the amount that will be contributed to the Plan or (2) consent to entry of an employer pay order for the amount to be contributed to the Plan.

**Section B**
**Trustee's Fee**

Pursuant to 28 U.S.C. §586(e), the trustee may collect the percentage fee From all payments and property received, not to exceed 10%.

**Section C**
**Loss Mitigation**
**(optional)**

[] By checking this box, th Debtor expresses an interest in discussing loss mitigation (such as loan modification, loan refinance, short sale, or surrender in full satisfaction) concerning the Debtor's residential real property or cooperative apartment. List the property and/or Secured Creditor(s) below:

*This section applies only to the Debtor's residential real property or cooperative apartment.*

The Debtor hereby permits the Secured Creditor(s) listed above to contact (Check all that apply):
    [ ]the Debtor directly;
    []Debtor's bankruptcy counsel;
    [ ]Other:_____.

(Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions. Any agreement reached during the loss mitigation

Discussion may be approved pursuant to an amended plan, and the terms may be set firth in Section H, below.)

| | |
|---|---|
| **Section D**<br>**Treatment of**<br>**Claim**<br>[ ]See Section H,<br>Varying Provisions | Except as otherwise ordered by this Court, the trustee will make to disbursements creditors after the Court enters an order of confirming this Plan.  Unless otherwise provided in Section H (below), disbursements by the Trustee **shall be *pro rata*** as outlined below. |
| **Category 1**<br>Attorney's Fees<br>Pursuant to 11<br>U.S.C. §507(a)(2)<br>[ ] not applicable | **Attorney's fees.**  Counsel for the Debtor has received a pre-petition retainer of $3,500.00, to be applied against fees and costs incurred.  Fees Fees and costs incurred exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as am administrative expense after application o an approval by the Court pursuant to Bankruptcy Rule 2016. |
| **Category 2**<br>Secured Claims<br>Mortgage on real<br>Property used as a<br>principal residence<br>by the Debtor<br>[ ] Not applicable | **Category 2** applies only to claims secured by a mortgage on the real property used as a principal residence of the Debtor.<br><br>Category 2 Definitions: For purposes of this Category 2, any reference to the term "Secured Creditor" means mortgagees, a creditor whose interest is secured by a mortgage on Debtor's real property, a holder and/or server of a claim secured by a lien, mortgage and/or deed of trust and/or any other |
| [ ]See Section H.<br>Varying Provisions | similarly situated creditor servicing agent and/or their assigns.  The terms "Mortgage" shall include references to mortgages, liens, deeds of trust or similarly situated interest in real property used as a principal residence by the Debtor.  The term "contract" shall refer to any contract or similar agreement pertaining to the Mortgage. The term "Pre-Petition |
| Arrearages"<br>Creditor prior<br>Petition Payment"<br>payable by the Debtor to<br>petition pursuant to Mortgage or | shall refer to an amount owed by the Debtor to the Secured to the filing of the Debtor's petition.  The term "Post- means any payment that first becomes due and the Secured Creditor after the filing of the Contract. |

Confirmation of this Plan shall impose an affirmative duty on that Secured Creditor and Debtor to do all of the following, as ordered:

**(a) Pre-petition Arrearages**

(i) For purposes of this Plan, Pre-petition arrearages shall include all sums included in the allowed claim and shall have a "0" balance upon the entry of the Discharge Order of this case.  In the event that a Secured Creditor listed in this sections fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely field a proof of claim on behalf of the each such Secured Creditor pursuant to 11 U.S.C. §501©, in the amount set forth below in Section D, Category 2(a)(iv).

(ii) No interest will be paid on Pre-petition Arrearages unless otherwise stated.

Arrearages    (iii) Payments made by the Trustee on the Debtor's Pre-petition shall be applied **only** to those Pre-petition Arrearages and not to any other amount owed by the debtor to Secured Creditor.

(iv) Information Regarding the Arrearages:

| Secured Creditor & Property Description | Value of Collateral and Valuation Method | Arrearage Amount | Arrearages Owed As Of |
|---|---|---|---|
| N/A | | | |

(v) If Debtor pays the amount(s) specified in section (iv) (above), while making all required Post-petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any rights of the Secured Creditor to recover any amount alleged to have risen prior to the filing of the Debtor's petition.

**(b) Post-petition Payments**

Debtor shall pay the following Post-petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

| Secured Creditor | Payment Amount | Payment Timing |
|---|---|---|
| GMAC Mortgage | $1,964.00 | Monthly |
| HSBC Card Services | $ 180.00 | Monthly |
| USAA | $ 289.98 | Monthly |
| USAA | $ 411.30 | Monthly |

**( c) Return and/or Reallocation of Distribution Payments Made to Secured Creditors.**

If a Secured Creditor withdraws its claim, the sum allocated towards the payment of he Secured Creditor's claim shall be distributed by the Trustee tp Debtor's remaining Creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payments), these monies are to be returned to the Trustee and the monies shall be distributed to the debtor's remaining creditors. If the Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

**(d) Important Additional Provisions**

Secured Creditors in Section 2 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in terms of the Mortgage; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the debtor's case; or (3) any claim for compensation for services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case. Failure to comply with Section E will result in disallowance of such claim.

**Category 3**
Executory Contracts

Pursuant to 11 U.S.C. §1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For an executory contract or

| | |
|---|---|
| & Unexpired Leases | unexpired lease with an arrearage to cure, the arrearage will be cured in the |
| | Plan with regular monthly payments to be paid directly to the creditor or |
| [X] Not applicable | landlord ("Creditor") by the Debtor.  The arrearage amount will be |
| [ ]See Section H, | adjusted to the amount set forth in the Creditor's proof of claim, unless |
| Varying Provisions | an objection to such amount is filed, in which event it shall be adjusted to |
| | amount allowed by the Court. |

**(a) Assumed.**

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| N/A | | |

**(b) Rejected.**

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| N/A | | |

**( c) Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases**

Debtor shall make the following Post-Petition Payments directly to the Creditor.

| Creditor & Property Description | Payment Amount | Payment Timing |
|---|---|---|
| N/A | | |

**(d) Important Addition Provisions**

Creditors in Section 3 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding the following: (1)  any claim for additional amounts during the pendency of the Debtor's case due to a change in terms of the executory contract or unexpired lease; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the debtor's case; or (3) any claim for compensation for services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case.  Failure to comply with Section E will result in disallowance of such claim.

09-38700-cgm    Doc 26    Filed 04/14/11    Entered 04/14/11 15:26:15    Main Document
                                     Pg 6 of 11

| | |
|---|---|
| **Category 4** Claims Secured by Personal Property, a Combination of Personal and Real Property and Real Property Not Used as Debtor's Principal Residence | **Category 4** applies to claims secured by personal property, a combination of personal and real property, and real property not used as the debtor's principal residence.<br><br>Category 4 Definitions: the term "Secured Claim" shall refer to claims secured by personal property, a combination of personal and real property and real property not used as the Debtor's principal residence. For purposes of Category 4, any reference to the term "Secured Creditor" shall include, in addition to the definition of Secured Creditor in Section 2, any Creditor whose interest is secured by an interest in any of the Debtor's property. |
| [X] Not Applicable | |
| [ ] See Section H, Varying Provisions | **(a) List of Category 4 Claims.** |

Pursuant to 11 U.S.C. §1325(a), the Secured Creditor listed below shall be paid the amount shown as their Secured Claim under this Plan. However, if the amount listed in the Secured Creditor's proof of claim is less than the amount of the Secured Claim listed below, the lesser of the two amounts will be paid. In the event that a Secured Creditor listed below fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely filed a proof of claim of behalf of each such Secured Creditor, in the amount set forth below.

| Creditor & Property Description | Debt Amount | Value fo Collateral & Valuation Method | Amount to be Paid on Claim | Interest Rate |
|---|---|---|---|---|
| N/A | | | | |

**(b) Adequate Protection.**

If applicable, adequate protection shall be provided as follows: _____.
(describe and provide the basis for calculation, or state not applicable)

**( c) Post-Petition Payments.**

Debtor shall pay the following Post-Petition Payments directly to the Creditor listed below during the pendency of the Plan:

| Creditor & Property Description | Payment Amount | Payment Timing |
|---|---|---|
| GMAC Mortgage/Residence | $1,964.00 | Monthly |
| HSBC Card Services/Yamaha | $ 180.00 | Monthly |
| USAA/Accent | $ 289.98 | Monthly |
| USAA/Sonata | $ 411.30 | Monthly |

**(d) Return and/or Reallocation of Distribution Payments made to Secured Creditors**

If the Secured Creditor withdraws its claim and/or returns monies it received from the Trustee (Distribution Payments) to the trustee, the sum shall be distribute by the Trustee to Debtor's remaining creditors. If Debtor has proposed a plan that

repays creditors in full, these monies will be returned to the Debtor.

### (e) Important Additional Provisions

If the Secured Creditors in Category 4 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the Contract; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency fo the Debtor's case; (3) any claim for compensation of services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case.  Failure to comply with Section E will result in disallowance of such claims.

**Category 5**
Priority, Unsecured Claims

[ ] Not applicable
[ ] Section H, Varying Provisions

All allowed claims entitled to *pro rata* priority treatment under 11 U.S.C. §507 shall be paid in full in the following order:

### (a) Unsecured Domestic Support Obligation

Debtor shall remain current on all such obligations that come due after filing the Debtor's Petition.  Unpaid obligations incurred before the Petition date are to be cured by the Plan payments.

<u>Creditor Status</u>         <u>Estimate Arrearages</u>

N/A

### (b) Other Unsecured Priority Claims

<u>Creditor</u>     <u>Type of Priority Debt</u>      <u>Amount Owed</u>

N/A

**Category 6**

Codebtor Claims

[X] Not applicable
[ ] See Section H, Varying Provisions

<u>Category 6 Definitions:</u> to term "Codebtor" refers to _____.

The following Codebtor claim/claims is/are to be paid *pro rata* until the allowed amount of such claim/claims is/are paid in full.

<u>Creditor</u>      <u>Creditor Name</u>   <u>Estimated Debt Amount</u>

N/A

**Category 7**
Nonpriority Unsecured Claim

[X] Not applicable

[ ]See Section H, Varying Provisions

Allowed unsecured, nonpriority claims shall be paid *pro rata* for the balance of payments made under the Plan.

**Section E**

<u>Section E Definitions:</u> The definitions in Section D also apply ti this

| | |
|---|---|
| Additional Terms Applicable to Creditors and Secured Creditors | Section. The term "Agreement" includes an executory contract, unexpired lease, Mortgage (as defined in Section D) or Contract (as defined in Section D), |

**(1) Notice of Contract Change.**

(a) At any time during the pendency of the Debtor's case, a Creditor ro Secured Creditor must file on the Claims register and serve upon the Trustee, Debtor, and Debtor's counsel (if applicable), at least thirty (30) days before the change is to take place, or a payment at a new amount is due, a notice (the "Notice of Contract Change") outlining any change(s) in the amount owed by debtor under any Agreement, including any change(s) in the interest rate, escrow payment requirements, insurance premiums, change in payment address or other similar matters impacting the amount owed by the Debtor due to a Contract Change **shall be disallowed by the Court** to the extent the amounts (i)where not reflected in a Notice of Contract Change filed as required by this subsection, and (ii) exceed the amount set forth in the proof of claim filed by the Creditor or Secured Creditor or deemed filed under this Plan.

(b) Within thirty (30) days of receipt of Notice of Contract Change (defined above), debtor shall either adjust the Post-Petition Payment to the amount set forth in the Notice of Change of Contract, or file a motion with the Court, objecting to the payment amount listed in the Notice of Contract Change and the stating reasons for the objection.

**(2) Notice of Outstanding Obligations.**

(a) At any time during the pendency of the Debtor's case, a Creditor or Secured Creditor shall file and serve upon the Trustee, and Debtor's counsel (if applicable) a notice containing a itemization of any obligation arising after the filing of this case that the Creditor or Secured Creditor believes are recoverable against the Debtor or against the Debtor's property (the "Outstanding Obligations"). Outstanding Obligations include, but are not limited to, all fees, expenses, or charges incurred in connection with any Agreement, such as any amounts that are due or past due related to unpaid escrow or escrow arrearages; insurance premiums; appraisal costs and fees; taxes; costs associated with the maintenance and/or upkeep of the property; and other similar items. Within thirty (30) days after the date such Outstanding Obligations were incurred, a Notice of Outstanding Obligations shall be filed on the Claims Register, sworn to by the Creditor or Secured Creditor pursuant to 28 U.S.C. §1746, referencing the paragraph(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses.

(b) The Debtor reserves the right to file a motion with the Court, objecting to the amounts listed in the Notice of Outstanding Obligations and stating the reasons for the obligation. The bankruptcy court shall retain jurisdiction to resolve disputes relating the any Notice of Outstanding

Obligations.

**(3) Application for Reimbursement of Costs and Fees.**

Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-1, a Creditor or Secured Creditor must file an amended application with the Court if it wishes to be compensated for services it rendered or expenses that were incurred after Debtor's filing of the Petition and before the issuance of the Notice of Discharge. The application shall list every fee or cost associated with the cost of its collection such as attorney's fees, court fees and expenses and other similar items incurred by the Creditor or Secured Creditor after Debtor's filing of this Petition and before the issuance of the Notice of Discharge. The application shall include a statement sworn to by the Creditor or Secured Creditor pursuant to 28 U.S.C. §1746 referencing the paragraph(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses. A Creditor or Secured Creditor may request approval of multiple fees and expenses in a single application, and any application under this subsection must be filed not later than thirty (30) days after the issuance of the Notice of Discharge in this case. **Failure to comply with the provisions in this subsection shall result in disallowance by the Court of such fees and expenses.** The Debtor reserves the right to object to any application filed under this subsection. This subsection will not apply to the extent that the court has previously approved a Creditor or Secured Creditor's fees pr expenses pursuant to an order or conditional order.

**Section F**
Lien retention

Except those expunged by order after appropriate notice pursuant to a motion or adversary proceeding, a Secured Creditor shall retain its liens as provided in 11 U.S.C. §1325(a).

**Section G**
Surrendered Property

Debtor surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered.

[X] Not Applicable

| Claimant | Property to be Surrendered |
|---|---|
| N/A | |

**Section H**
Varying Provisions

The debtor submits the following provisions that vary from the Local Plan Form, Section (A) through (G):

**Section I**
tax Returns, Operating Reports and Tax Refunds

**(1) Tax returns.** While the case is pending, the Debtor shall timely file tax returns and pay taxes or obtain appropriate extensions and send a copy of either the tax return or the extension to the Trustee pursuant to 11 U.S.C. §521(f) within thirty (30) days of filing with the taxing authority.
**(2) Operating Reports.** If Debtor is self-employed or operates a business either individually or in a corporate capacity, Debtor shall provide the Trustee with monthly operating reports throughout the entirety of the case.

**(3) Tax Refunds.** The Debtor may voluntarily elect to contribute tax refunds as lump-sum payments in Section A of this Plan. Unless the

Debtor has proposed a plan that repays his or her creditors in full, the Court may order the Debtor to contribute a portion of the tax refunds to the Plan. The amount to be contributed shall be determined by the Court on a case-by-case basis.

**Section J**  Debtor will cure any funding shortfall before the Plan is deemed
Funding Shortfall    completed.

**Section K**         (1) Insurance. Debtor shall maintain insurance as required by law,
**Debtor's Duties**    Contract, security, agreement or Order of this Court.

(2) Payment Records to Trustee. Debtor shall keep and maintain records of payments made to the Trustee.

(3) Payment Records to Secured Creditor(s). Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).

(4) Donation Receipts. Where applicable, Debtor shall keep a record of all charitable donations made during the pendency of this case and maintain receipts received.

(5) Domestic Support Obligation(s). Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other Court's order.

(6) Change in Address. Debtor must notify the Court and the Trustee if the address or contact information changes during the pendency of this case. Notification must be made in writing within fifteen (15) days of when the change takes place.

(7) Disposal of Property. Debtor shall not sell, encumber, transfer or otherwise dispose of any real property or personal property with a value of more than $1,000 without first obtaining court approval.

**Debtor's Signature:** Dated: Wappingers Falls, New York
February 22, 2011

   /s/ Robert Marquez              /s/ Zoraida Marquez
Debtor                             Debtor

_____          _____
_____          _____
Address                            Address

**Attorney's Signature:** _____

Attorney for Debtor                Date

[ ] Not Applicable

**Attorney**         I, the undersigned attorney for the Debtor, hereby certify that the
                     foregoing
**Certification**    Chapter 13 Plan conforms to the pre-approved chapter 13 plan

Promulgated pursuant to [Local Bankruptcy Rule _] of the United state Bankruptcy Court for the southern District of New York.

| /s/ Andrea B. Malin | February 22, 2011 |
|---|---|
| Attorney for the Debtor | Date |